Shipman, D. J.
This is a bill in equity to restrain the alleged infringement of letters patent granted to Evory & Heston, on November 6, 1866, for an improvement in shoes. The National Bubber Company is an exclusive licensee to use-the patent in the manufacture of rubber boots and shoes. The invention consisted in a double extension gore flap upon each side of the shoe, the external fold of which flap is attached to and in front of the quarter, and the internal fold of which is attached to and in rear of the vamp. The gores are folded outside of' the shoe proper, and forward over the instep, so that the ankle and the foot are enclosed by the shoe proper. The claim is as follows: “A shoe, when constructed with an expansion gore flap, C, D, the external fold, C, of which is attached to and in front of the quarter, B, and the internal fold, D, of which is attached to and in rear of the-vamp, A; the said several parts and pieces being respectively constructed, and the whole arranged for use, substantially in-the manner and for the purpose set forth.”
The material point of difference between this shoe and the-one shown in the English patent of Stephen Norris consists in the fact that the Norris gore folds within the shoe, while-the gores of the plaintiffs’ patent fold outside the shoe. If the gore of the English shoe is made of stiff leather, there is-a stiff crease on each side of the shoe which hurts the foot. If the gore is made of thin and pliable leather, the folds are apt to wrinkle and to become easily displaced when the shoe is worn. The plaintiff’s shoe avoids both difficulties. The-novelty of the patented device is not denied. The Norris and the defendants’ shoes are described in the opinion in the case-of Williams and The National Bubber Company v. L. Candee & *543 Co., which has just been decided. In the defendants’ shoe the foot is encased by the vamp and that part of the quarter which is behind the hinge of the fold at the ankle, and the jointed flaps, or the ear pieces, fold without the shoe proper.
It is claimed by the defendants that there is no infringement because their shoe is the Norris shoe. In the Norris shoe the sides of the quarter come forward and are buckled or fastened over the instep, covering the fold made in the gusset, while in the Evory & Heston the quarter comes only to the front line of the heel covering, and the fastening is made by uniting the two'gussets folded outside of the shoe. In the defendants’ shoe that part of the quarter which serves as a support and protection for the foot is the Evory & Heston quarter. That part of the quarter which is forward of the hinge, or the fold in the quarter, is folded with the vamp extension outside of the shoe proper. There is no substantial difference in the manner in which the extensions are folded in the respective shoes. The confusion, if there be any, consists in the fact that the Evory fo Heston quarter is a narrow one, extending a little beyond the ankle joint, and the gores are hinged at the ankle seam. The defendants’ quarter is a wide one, and the vamp extension and the front part of the quarter fold upon each other and swing forward outside of the shoo proper at about the same point at which the Evory & Heston gores are hinged.
In addition to the evidence derived from the manner of construction of the respective, shoes, the defendants had taken a license in the year 1877 from Evory & Heston, and had displayed in their trade circular for that year pictures of the shoes which they then manufactured and which they are still manufacturing, and which they then represented to be made under the Evory & Heston patent. That was undoubtedly their opinion at that time, and I do not think that they were mistaken. Infringement is clearly proven.
Let there be a decree in the usual form for an injunction and an accounting.